ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7666
  Fax: (916) 324-5205
  E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants J. Flores, D. Champieux,
C. Lilly, J. Neves, O. Folorunso, D. McQueen,
R. Yang, and A. Nguyen*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **YADIRA BERENICE JASSO, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**FLORES, et al.,**<br><br>Defendants. | 2:25-cv-02435-DJC-CKD<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants J. Flores, D. Champieux, C. Lilly, J. Neves, O. Folorunso, D. McQueen, R. Yang, and A. Nguyen hereby answer Plaintiff's First Amended Complaint, filed March 3, 2026 (First Amended Complaint, ECF No. 3), as follows. Except as expressly admitted, all allegations are denied.

1.   In response to paragraphs 1 and 2, Defendants admit that this Court has jurisdiction over Plaintiff's claims and that venue is proper. Defendants deny the remaining allegations.

2.   In response to paragraphs 3, through 7, Defendants admit that Plaintiffs Yardira Jasso and A.J. bring this action individually and as successors-in-interest to decedent Alexander Jasso, who was a prisoner incarcerated by CDCR at High Desert State Prison (HDSP) when he died.

1

Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in these paragraphs and on that basis deny the remaining allegations.

3.     In response to paragraphs 8 through 18, Defendants admit that the individuals listed in this section worked in the roles listed at HDSP at the time of the death of decedent Jasso, and that in that capacity they acted in the course and scope of their employment and under the color of law.  Defendants further admit that Plaintiff sues these individuals in their individual capacity.  Defendants deny that they violated any of decedent Jasso's or Plaintiffs' rights or that any act or omission by them caused decedent Jasso or Plaintiffs any harm.

4.     In response to paragraph 19, Defendants lack knowledge and information sufficient to form a belief as to the DOE defendants and on that basis deny the allegations in this paragraph.

5.     In response to paragraph 20, Defendants admit that at all relevant times the California Department of Corrections and Rehabilitation (CDCR) has operated HDSP, which is a men's correctional facility, that it is responsible for providing inmates with a constitutionally mandated level of safety, and that staff employed by CDCR are responsible for overseeing the day-to-day operations and security of the prison.  Defendants deny the remaining allegations in this paragraph.

6.     In response to paragraph 21, Defendants admit the allegations in this paragraph.

7.     In response to paragraph 22, Defendants admit the allegations in this paragraph.

8.     In response to paragraph 23, Defendants admit that decedent Jasso was attacked by another inmate with a knife, in an area that was indoors with two tables and two benches where inmates could watch television and play cards.  Defendants deny the remaining allegations.

9.     In response to paragraph 24, Defendants lack knowledge or information sufficient to form a belief as to whether decedent Jasso saw his assailant until the first stab wound and on that basis deny that allegation.  Defendants admit the remaining allegations in this paragraph.

10.     In response to paragraph 25, Defendants admit that HDSP staff assembled at the dayroom door, that the control booth officer attempted to fire a round from his 40mm launcher but the round would not fire, that the assailants ceased their attack and lay face down on the floor,

and that staff did not enter the dayroom until approximately two minutes after the attack began. Defendants deny the remaining allegations.

11.    In response to paragraph 26, Defendants admit that the other inmates in the dayroom who were not involved in the attack moved away from the area of the attack.  Defendants deny the remaining allegations in this paragraph.

12.    In response to paragraph 27, Defendants deny the allegations in this paragraph.

13.    In response to paragraph 28. Defendants lack knowledge or information sufficient to form a belief as to what the assailants were subjectively aware of and why they ceased their attack and on that basis deny the allegations in this paragraph.

14.    In response to paragraph 29, Defendants admit that floor staff were equipped with batons, chemical weapons, and other tools, and that the officer assigned to the control booth overseeing the dayroom possessed additional weaponry.  Defendants deny the remaining allegations in this paragraph.

15.    In response to paragraphs 30 through 35, Defendants deny the allegations in these paragraphs.

16.    In response to paragraph 36, insofar as this paragraph incorporates by references each and every allegation in the complaint, Defendants answer consistently with their answers to those paragraphs.

17.    In response to paragraphs 37 through 48, "First Claim for Relief," Defendants deny the allegations in these paragraphs.

18.    In response to paragraph 49, insofar as this paragraph incorporates by references each and every allegation in the complaint, Defendants answer consistently with their answers to those paragraphs.

19.    In response to paragraph 50, this appears to assert Plaintiffs' conclusion of law and does not contain any material factual allegations.  To the extent this paragraph purports to allege any material facts, Defendants deny the allegations in this paragraph.

20.    In response to paragraphs 51 through 52, Defendants deny the allegations in these paragraphs.

21.    In response to paragraph 53, Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in this paragraph and on that basis deny the allegations in this paragraph.

22.    In response to paragraphs 54 through 56, Defendants deny the allegations in these paragraphs.

23.    In response to paragraph 57, Defendants admit that Plaintiff brings her claims against Defendants in their individual capacities and seek individual and wrongful death damages, but deny that any Defendant or HDSP staff member violated any right of decedent or Plaintiffs or caused decedent or Plaintiffs any harm.

24.    In response to paragraph 58, Defendants admit that Plaintiffs seek attorney's fees and costs under this claim but deny that Plaintiffs are entitled to any relief.

25.    In response to paragraph 59, insofar as this paragraph incorporates by references each and every allegation in the complaint, Defendants answer consistently with their answers to those paragraphs.

26.    In response to paragraph 60, Defendants admit the allegations in this section but deny that any Defendant violated any duty owed to decedent or Plaintiffs.

27.    In response to paragraphs 61 through 66, Defendants deny the allegations in these paragraphs.

28.    In response to paragraph 67, Defendants admit that Plaintiff A.J. brings this claim both as successor-in-interest to decedent and on her own behalf and is claiming the damages listed in this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff A.J. has legal standing to bring claims as decedent's successor-in-interest or for her own loss of familial relationship and on that basis deny the remaining allegations in this paragraph.

29.    In response to paragraph 68, insofar as this paragraph incorporates by references each and every allegation in the complaint, Defendants answer consistently with their answers to those paragraphs.

30.    In response to paragraph 69, this appears to assert Plaintiffs' conclusion of law and does not contain any material factual allegations.  To the extent this paragraph purports to allege any material facts, Defendants deny the allegations in this paragraph.

31.    In response to paragraphs 70 through 75, Defendants deny the allegations in these paragraphs.

32.    In response to paragraph 76, Defendants admit that Plaintiff A.J. brings this claim both as successor-in-interest to decedent and on her own behalf and is claiming the damages listed in this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff A.J. has legal standing to bring claims as decedent's successor-in-interest or for her own loss of familial relationship and on that basis deny those allegations.  Defendants deny that Plaintiffs are entitled to any relief, including attorney's fees and a civil penalty.

33.    In response to paragraph 77, insofar as this paragraph incorporates by references each and every allegation in the complaint, Defendants answer consistently with their answers to those paragraphs.

34.    In response to paragraph 78, Defendants admit that decedent needed emergency medical care after being stabbed.  Defendants deny that the remaining allegations in this paragraph.

35.    In response to paragraph 79, Defendants deny the allegations in this paragraph.

36.    In response to paragraph 80, this appears to assert Plaintiffs' conclusion of law and does not contain any material factual allegations.  To the extent this paragraph purportes to allege any material facts, Defendants deny the allegations in this paragraph.

37.    In response to paragraph 81, Defendants admit that decedent needed medical care after being stabbed.  Defendants deny the remaining allegations in this paragraph.

38.    In response to paragraphs 82 through 84, Defendants deny the allegations in these paragraphs.

39.    In response to paragraph 85, Defendants admit that Plaintiff A.J. brings this claim both as successor-in-interest to decedent and on her own behalf and is claiming the damages listed in this paragraph.  Defendants lack knowledge or information sufficient to form a belief as

5

to whether Plaintiff A.J. has legal standing to bring claims as decedent's successor-in-interest or for her own loss of familial relationship and on that basis deny those allegations. Defendants deny that Plaintiffs are entitled to any relief, including medical expenses incurred by decedent, funeral expenses, or loss of financial support.

40.   In response to page 18, "Prayer for Relief," Defendant denies that Plaintiffs are entitled to any relief.

41.   Defendants deny all allegations not expressly admitted.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Defendants are entitled to qualified immunity because their conduct was objectively reasonable and did not violate any clearly established constitutional or statutory rights of Plaintiffs or the decedent.

Second Affirmative Defense

Plaintiffs have failed to present a timely claim under the California Government Claims Act that fairly reflects each and every claim and cause of action of the First Amended Complaint.

Third Affirmative Defense

The decedent caused and contributed to the claimed injuries and damages through his own acts, omissions, and legal fault.

Fourth Affirmative Defense

The decedent consented to his prison housing classification and assignment and assumed any risk alleged to be associated with that housing.

Fifth Affirmative Defense

Other persons caused and contributed to decedent's and Plaintiffs' claimed injuries and damages, if there were any injuries and damages, through their acts, omissions, and legal fault.

Sixth Affirmative Defense

The intentional or criminal act of a third party or parties was a superseding, intervening cause of decedent's and Plaintiffs' injuries.

6

<u>Seventh Affirmative Defense</u>

Plaintiffs have failed to mitigate their damages, if there were any damages.

<u>Eighth Affirmative Defense</u>

Decedent's and Plaintiffs' damages, if there were any damages, must be offset and reduced by any collateral source provision of services or payments made or obligated to be made.

<u>Ninth Affirmative Defense</u>

Defendants are immune from liability under Government Code section 820.2 for any injury caused by an exercise of discretion.

<u>Tenth Affirmative Defense</u>

Defendants are immune from liability under Government Code section 820.8 for any injury caused by the act or omission of another person.

<u>Eleventh Affirmative Defense</u>

Defendants are immune from liability under Government Code section 845.6 for any injury caused by a failure to furnish or obtain medical care for a prisoner in their custody.

<u>Reservation of Additional Affirmative Defense</u>

Defendants reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendants demand that this matter be tried by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by reason of this action and that judgment be entered in favor of Defendants;

2. Defendants be awarded costs of suit and attorney's fees; and

3. Defendants be awarded such other relief as the Court may deem proper.

Dated:  July 1, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General


*/s/ DAVID E. KUCHINSKY*
DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants*
*J. Flores, D. Champieux, C. Lilly,*
*J. Neves, O. Folorunso, D. McQueen,*
*R. Yang and A. Nguyen*

SA2026302549
39932882

8

# CERTIFICATE OF SERVICE

Case Name: **Jasso, Yadira Berenice v. Flores, et al.**    No.    **2:25-cv-02435-DJC-CKD**

I hereby certify that on July 1, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 1, 2026, at San Francisco, California.

| G. Guardado | */s/ G. Guardado* |
|---|---|
| Declarant | Signature |

SA2026302549
45132492