ROB BONTA
Attorney General of California
SHARON A. GARSKE
Supervising Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone:  (916) 210-7666
  Fax:  (916) 324-5205
  E-mail:  David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants D. Champieux,
J. Flores, J. Neves, C. Lilly, A. Nguyen,
O. Folorunso, D. McQueen, and R. Yang*

LAW OFFICES OF EUGENE B. CHITTOCK
Eugene B. Chittock, State Bar No. 214532
2930 Riverside Drive
Susanville, CA 96130
Telephone: (530) 257-9351
echittock@chittocklaw.com

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. State Bar No. 144074
dalekgalipo@yahoo.com
Renee Masongsong, State Bar No. 281819
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for All Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **YADIRA BERENICE JASSO, et al.,** | 2:25-cv-02435-DJC-CKD |
| Plaintiffs, | **JOINT RULE 26(f) REPORT** |
| v. | |
| **FLORES, et al.,** | |
| Defendants. | Action Filed:  August 25, 2025 |

As directed under the Court's August 26, 2025 Initial Case Management Order (Dkt. No. 2), Federal Rule of Civil Procedures 16 and 26(f), and Local Rule 240(b), Plaintiffs YADIRA BERENICE JASSO, individually and as successor-in-interest to Alexander Jasso; A.J., by and through her Guardian ad Litem, Priscilla Rendon, individually and as successor-in-interest to Alexander Jasso; and JAVIER JASSO and DONNA JASSO; along with Defendants Flores, Champieux, Nevez, Lilly, Nguyen, Folorunso, McQueen, and Yang, through their counsel, submit the following Joint Status Report. Counsel for the parties met and conferred on July 30, 2026, regarding the contents of this report.

**A.    Nature of the Case**

On August 26, 2023, inmate A. Jasso was murdered by two other inmates with an inmate manufactured weapon in the C Facility, Building 8 dayroom at High Desert State Prison, in Susanville, California.

The Plaintiffs bring the following claims: (1) Violation of Civil Rights—Failure to Protect – Eighth Amendment (42 U.S.C. § 1983); (2) Violation of Civil Rights – Fourteenth Amendment (42 U.S.C. § 1983); (3) Negligence (Wrongful Death and Survival) (Cal Gov't Code § 844.6(d)); (4) Violation of the Bane Act (Cal. Civil Code § 52.1) ; (5) Failure to Summon Medical Care (Cal. Gov. Code § 845.6).

Plaintiffs allege that lack of supervision and delayed intervention created a substantial risk of harm to Decedent A. Jasso.  They allege that the staff knew the assailant-inmates had a history of violence and gang affiliation and should not have allowed the assailant-inmates to be in the dayroom with decedent without adequate supervision.  Plaintiffs further allege that once staff entered the dayroom, they provided substandard and deliberately indifferent medical attention. Plaintiffs further claim that before the attack, High Desert staff were aware that Jasso might be targeted for attack.  Plaintiffs  seek damages in excess of $10,000,000.

Defendants deny the allegations and claims against them and assert that no act or omission by any Defendant resulted in the death of Jasso or any other violation of his or Plaintiffs' rights. Defendants have also asserted several affirmative defenses in their Answer.

**B.    Service of Process**

Service of process is complete in this case. Defendants J. Flores, D. Champieux, C. Lilly, J. Neves, O. Folorunso, D. McQueen, R. Yang, and A. Nguyen answered the complaint on July 1, 2026.

**C.    Joinder of Additional Parties**

The parties are currently unaware of any other potential parties, including family members of the decedent, for which joinder would be proper.

**D.    Expected or Desired Amendments to the Pleadings**

**Plaintiffs' position:** Plaintiffs do not anticipate joining any additional parties at this time but may seek to do so after discovery some has been conducted, should such discovery indicate the involvement of additional correctional officers and/or medical staff.  Plaintiffs desire to amend their complaint to include Plaintiff YADIRA BERENICE JASSO as a Plaintiff on the claims asserted in the operative pleading arising under California law in the event that her Government Claim is deemed timely under the Court of Appeal, Third Appellate District. Plaintiff provides the following relevant information:

- On August 26, 2023, Alexander Jasso died at High Desert State Prison. On August 21, 2024, Plaintiff YADIRA BERENICE JASSO filed a Government Claim Form and Application to File a Late Claim with the Department of General Services. The application was deemed rejected by operation of law.

- On April 4, 2025, Plaintiff YADIRA BERENICE JASSO filed a Petition for Relief from the claim presentation requirement of Government Code section 945.4, and on April 16, 2025 filed an amended petition. The Lassen County Superior Court denied the petition with respect to Plaintiff by order dated August 8, 2025, and denied Plaintiff's motion for reconsideration by order dated November 7, 2025.

- On November 5, 2025, Plaintiff filed a Notice of Appeal. That appeal is presently pending before the Court of Appeal, Third Appellate District, as Case No. C105077 (the "Appeal"). No decision on the Appeal is anticipated in the near term.

3

Plaintiff YADIRA BERENICE JASSO contends that, under California's delayed discovery rule, her cause of action accrued in July 2024 when she first viewed the surveillance video of the incident, that her August 2024 government tort claim was therefore timely, and that, because the State never gave written notice of rejection pursuant to Government Code section 913, she has two years from the date of accrual within which to commence suit. (See Gov. Code §§ 945.6, subd. (a)(2), 950.6.) Under that theory, the limitations period would expire in July 2026.

**Defendants' position:**

Defendants do not have any expected or desired amendments to the pleadings at this time.

### E.    Jurisdiction and Venue

This Court has jurisdiction over Plaintiffs' federal constitutional claims asserted pursuant to 28 U.S.C. § 1331, in that they arise under the United States Constitution, and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution).

This Court has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. § 1367.

Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b), because the incident occurred at High Desert State Prison, which is in the Eastern District. Venue is proper in the Sacramento Division of the Eastern District of California under Local Rule 120(d) because the incident in this case occurred in the County of Lassen.

### F.    Anticipated Motions and the Scheduling of Motions

**Plaintiffs' position:** Plaintiffs request a minimum of two weeks to oppose any dispositive motion. If necessary, Plaintiffs may move to amend their complaint to include YADIRA JASSO in the state law claims as explained above.

**Defendants' position:**

Defendants anticipate filing a summary-judgment motion after the conclusion of fact and expert discovery. The parties propose setting a dispositive motion deadline on November 23, 2027, which is two months after their proposed deadline to complete expert discovery.

4

**G.      Anticipated Discovery and the Scheduling of Discovery**

The parties are aware of their duty to preserve evidence and have taken steps to preserve all potentially relevant evidence. The parties do not anticipate the need for changes to the form or general requirements for disclosure under Federal Rule of Civil Procedure 26(a). The parties agree to exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1) by August 28, 2026.

The parties anticipate they will need approximately 10 months to complete fact discovery.

| | |
|---|---|
| Initial Disclosures: | August 28, 2026 |
| Non-Expert Discovery Cutoff: | May 28, 2027 |
| Non-Expert Discovery Motions to Compel: | May 28, 2027 |
| Disclosure of Expert Witnesses: | July 27, 2027 |
| Expert Witness Discovery Cutoff: | September 24, 2027 |

**H.      Contemplated Dispositive or Other Motions and a Proposed Date by Which All Non-Discovery Motions Shall be Heard**

**Plaintiff's position:** Plaintiffs request a minimum of two weeks to oppose any dispositive motion.

**Defendants' position:**

Defendants anticipate filing a summary-judgment motion after the conclusion of fact and expert discovery.  Defendants request that the deadline to file dispositive motions be set as November 23, 2027, and that the last day to hear dispositive motions be set after the 2027 holidays, on January 14, 2028, to ensure the availability of all counsel.

**I.      Methods that Can Be Used from the Outset to Avoid Unnecessary Proof and Cumulative Evidence, and Anticipated Limitations or Restrictions on the Use of Testimony under Federal Rule of Evidence 702**

The parties do not anticipate the need for changes or limitations to the generally applicable Federal Rules of Civil Procedure or Evidence in this case. Should this change, the parties will meet and confer regarding any such issues.

**J.      Proposed Date for Final Pretrial Conference**

The parties request that the final pretrial conference be set no earlier than February 15, 2028, which is 30 days after the last day for hearings on dispositive motions.

**K.      Proposed Date for Trial, Estimated Number of Days of Trial, and Whether Any Party Has Demanded a Jury Trial**

The parties request that a trial date be set 90 days after the Court's ruling on Defendants' summary-judgment motion. The parties estimate a seven-day trial and have demanded a jury trial. Due to lead trial counsel Mr. Galipo's busy trial schedule, Mr. Galipo has very limited availability for a trial prior to February 2028.

**L.      Appropriateness of Special Procedures**

The parties do not anticipate the need for special procedures and do not consent to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c).

**M.      Modification of Standard Pretrial Procedures**

The parties do not anticipate the need to modify generally applicable pretrial procedures in this case. Should this change, the parties will meet and confer regarding any such issues.

**N.      Whether the Case is Related to any Other Case Pending in this District**

Plaintiffs filed an action in Lassen County Superior Court Case No. 2025CV0076678 seeking relief from government claim presentation requirements.  The petition was denied and Plaintiffs appealed in The Third Appellate District, Case No. C105077.  The appeal has not yet been fully briefed.

Plaintiffs have also filed a lawsuit arising from this incident against the State of California in the Superior Court of California, County of Lassen, which has been assigned case number 2025CV0076763. Plaintiffs are contemplating dismissal of their state suit.

**O.      Optimal Timing and Method for Settlement Discussions**

Following the opportunity to conduct discovery, the parties anticipate being amendable to alternative dispute resolution via a Court-directed settlement conference with a Magistrate Judge not assigned to this matter.

**P.    Any Other Matters that May Be Conducive to the Just and Expeditious Disposition of the Case.**

The parties are unaware of any issues or matters that may be conducive to the just and expeditious disposition of this case at this time.

**Q.    Whether the Parties Prefer to Appear at a Status Conference or Are Satisfied to Have the Court Issue a Status Order Based on the Joint Status Report.**

The parties believe issuance of a status order based on this Joint Status Report would be sufficient without a conference with the Court.

Dated:    ___7/31/2026_____          LAW OFFICES OF DALE K. GALIPO


                                            ___/s/ Renee Masongsong_____
                                            (as authorized on July 31, 2026)
                                            DALE K. GALIPO
                                            RENEE MASONGSONG
                                            *Attorneys for Plaintiffs*


Dated:    _____7/31/2026_____          ROB BONTA
                                            Attorney General of California
                                            SHARON A. GARSKE
                                            Supervising Deputy Attorney General


                                            ___/s/ David E. Kuchinsky_____
                                            DAVID E. KUCHINSKY
                                            Deputy Attorney General
                                            *Attorneys for Defendants*
                                            *D. Champieux, J. Neves, C. Lilly,*
                                            *A. Nguyen, O. Folorunso,*
                                            *D. McQueen, and R. Yang*

/ / /

/ / /

/ / /

Joint Rule 26(f) Report  (2:25-cv-02435-DJC-CKD)

**IT IS SO ORDERED.**

Dated: _____          _____
                                        Hon. Daniel J. Calabretta
                                        United States District Judge

SA2026302549
95731541.docx

# CERTIFICATE OF SERVICE

Case Name: **Jasso, Yadira Berenice v.**          No.    **2:25-cv-02435-DJC-CKD**
                **Flores, et al.**

I hereby certify that on <u>August 3, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **JOINT RULE 260(F) REPORT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 3, 2026</u>, at Fresno, California.

|                  |                  |
| :--------------: | :--------------: |
| J. Vinton        | */s/ J. Vinton*  |
| Declarant        | Signature        |

SA2026302549
95731560.docx